IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                       No. 06-40024-01-SAC

KACY BROOKE WILES,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the sentencing of the defendant following her entry of a guilty plea to counts one and two (possession of a counterfeit check), count three (possession and use of false identification), and count five (aggravated identity theft). The presentence report ("PSR") recommends a guideline sentencing range of 18 to 24 months on counts one through three and a consecutive term of imprisonment of 24 months on count five. The PSR addendum reveals three unresolved objections, and the defendant has filed a sentencing memorandum in support of his objections. The government has filed its response.

**Defendant's Objection No. 1**: The defendant objects to the PSR's failure to recommend an adjustment for acceptance of responsibility based on the

revocation of her bond on June 20, 2006, following her arrest for possession of methamphetamine and drug paraphernalia. The defendant denies possessing or even knowing about these unlawful items that led to her arrest and asserts they belonged to the driver. As a result of this incident, however, the defendant's bond was revoked but only the driver has been criminally charged in state court.

Ruling: Section 3E1.1(a) of the United States Sentencing Guidelines directs a sentencing court to "decrease the offense level by 2 levels" if "the defendant clearly demonstrates acceptance of responsibility for his offense." "The defendant bears the burden of establishing entitlement to a reduction under § 3E1.1." *United States v. Bindley*, 157 F.3d 1235, 1240 (10th Cir. 1998) (citation omitted), *cert. denied*, 525 U.S. 1167 (1999). The defendant "bears the burden of demonstrating an 'affirmative acceptance of personal responsibility for his criminal conduct.'" *United States v. Eaton*, 260 F.3d 1232, 1237 (10th Cir. 2001) (quotation omitted). The sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," and therefore, its decision "is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5).

As stated in application note 3 to U.S.S.G. § 3E1.1, the entry of

a guilty plea prior to trial combined with truthfully admitting the conduct comprising the offense of conviction constitute significant evidence of the defendant's acceptance of responsibility.  This does not mean that a defendant who truthfully admits his role in the charged offense is automatically entitled to receive the § 3E1.1 decrease. See U.S.S.G. § 3E1.1, comment. (n.3).  Instead, such evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."  See U.S.S.G. § 3E1.1, comment. (n.3).  "[V]iolation of an appearance bond is certainly evidence of failure to accept responsibility." *United States v. Hawley*, 93 F.3d 682, 689 (10th Cir. 1996). "True acceptance of responsibility for a crime includes acceptance of whatever justice society deems proper in response."  *United States v. Swanson*, 253 F.3d 1220, 1225 (10th Cir.), *cert. denied*, 534 U.S. 1007 (2001).  "[I]n deciding whether to grant a reduction for acceptance of responsibility pursuant to § 3E1.1, a sentencing court is entitled to consider whether a defendant has voluntarily withdrawn from criminal conduct, regardless of whether the conduct is similar or related to the criminal conduct for which a defendant was convicted."  *United States v. Prince*, 204 F.3d 1021, 1023-1024 (10th Cir.) (citations omitted), *cert. denied*, 529 U.S. 1121

(2000).

As stated in its sentencing memorandum, the government believes its position is controlled by the plea agreement. Consequently, the government recommends that the defendant receive a full reduction for acceptance of responsibility. The court accepts the government's recommendation and further finds that the defendant's proffered explanation of the incident leading to her arrest and bond revocation is sufficient to sustain her burden of proof for this adjustment. The court grants a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) and concludes her adjusted offense level of 14 precludes her from receiving the additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). The result of this ruling is a guideline sentencing range of 12 to 18 months on counts one, two and three.

**Defendant's Objection No. 2**: The defendant objects to ¶ 60 and denies any prior use of benzodiazapenes or PCP.

Ruling: A ruling on this objection is unnecessary because the matter will not affect the sentence to be imposed. Fed. R. Crim. P. 32(i)(3)(B).

**Defendant's Objection No. 3:** The defendant objects to the sentence on count five running consecutively to the sentence on counts one, two and

three. The defendant raises several arguments, all of which are contradicted by the plain wording of the governing statute and by the charges to which the defendant pleaded guilty.

<u>Ruling</u>: The defendant pleaded guilty to count five which charged her with aggravated identity theft in violation of 18 U.S.C. § 1028A, by knowingly possessing a counterfeit Kansas driver's license during and in relation to the bank fraud felony violation of 18 U.S.C. § 1344 as charged in count four. Section 1028A criminalizes the possession of means of identification during and in relation to the predicate offense enumerated in subsection (c). The defendant points out that the statutory offenses to which she pled guilty as charged in counts one, two and three are not predicate offenses under subsection (c). The court does not understand the defendant to now be arguing that she is not guilty of count five or that she should be allowed to withdraw her guilty plea to count five. Instead, the defendant somehow considers this argument as only a viable attack to the consecutive sentence provisions of § 1028A, but the finer points of this argument escape the court.

It matters not that the statutory offense charged in count three is expressly excluded from § 1028A(c) or that the statutory offenses

charged in counts one and two are not among the enumerated predicate offenses in subsection (c).  For while the defendant may not have entered a separate guilty plea to count four, she pleaded guilty to count five and to having unlawfully and knowingly possessed a counterfeit identification of another person in her commission of the unlawful acts charged in count four as bank fraud, which is a predicate offense enumerated in § 1028A(c).  The defendant's guilty plea to counts one, two and three and the lack of a guilty plea to count four have no bearing on the applicability of the consecutive sentence provisions of § 1028A.

The defendant also argues that § 1028A(b)(4) gives the sentencing court the discretion to impose concurrent sentences consistent with applicable guideline and policy statements issued by the Sentencing Commission.  The defendant misreads the statute.  The statute precludes a court from running a sentence of imprisonment for this offense concurrently with any other term of imprisonment, § 1028A(b)(2).  There is one exception found at (b)(4) to this general rule of consecutive sentences. A court may impose a sentence that runs concurrently with a sentence "for an additional violation of this section," that is, another violation of § 1028A. The only exception to consecutive sentences is inapplicable here.  The

defendant's objection is overruled.

Defense counsel's arguments on the third objection prompted the court to review § 1 of the plea agreement. The court is concerned whether at the change of plea hearing the defendant was properly informed of the mandatory and consecutive nature of the term of imprisonment she would face from a guilty plea to count five. Counsel shall meet in chambers at 2:30 p.m. today to discuss these matters.

IT IS THEREFORE ORDERED that the defendant's objection to the acceptance of responsibility adjustment is granted and her objection to a consecutive sentence is overruled.

Dated this 21st day of March, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge